UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALICE MARIE FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01812-JRS-MJD |
| | ) | |
| BRIAN BELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on a motion to compel filed by Plaintiff Alice Flowers, [Dkt. 56], and a motion for attorney fees filed by Defendants, [Dkt. 45]. The Court addresses each motion, in turn, below.

**I. Motion to Compel**

In Plaintiff's Motion to Compel Defendants to Produce Requested Discovery, [Dkt. 56], Plaintiff asserts that Defendants' responses to her discovery requests were insufficient. Plaintiff fails to articulate how Defendants' responses fall short; the only hint in her motion is the following statement:

> On page 2 of Defendants' Response to Plaintiffs Request for Production of Documents And Interrogatories it reads "As such, the request seeks information that is not relevant, not proportional to the needs of the case, and not likely to lead to the discovery of admissible evidence. As a result of the objections, Defendants are not producing any jail videos."

[Dkt. 56 at 2.]  In their response to the motion, Defendants explain that Plaintiff's discovery requests included the following:  "**Jail video** from all cameras where Jacob Flowers was located February 5, 2021 at 3:30 pm through February 8, 2021 at 4:00 pm, including book in, sally port/garage," and "Names of Jail Staff and their employee numbers from requested jail video."  [Dkt. 58 at 2.]  Defendants objected to this request on the ground that the requested video was "for a period of time that is unrelated to the claims contained in the operative pleading."  *Id.*

Defendants' objection is well-taken.  The initial complaint filed in this case contains allegations of events occurring on February 25, 2021, not events that occurred in the jail several weeks earlier.  *See* [Dkt. 1].  And while Plaintiff filed a "Notice of Amended Claim," [Dkt. 17],[1] that does contain claims arising out of Jacob Flowers' treatment in jail, those claims are no longer relevant to this case because Jacob Flowers has been dismissed from this case at his request.  *See* [Dkt. 59].  Plaintiff Alice Flowers may not raise claims about alleged harms that were done to Jacob, so any videos from Jacob's jail stay are simply not relevant to the claims that remain in this case.  Because Plaintiff is only entitled to discovery that is relevant to her own claims, Plaintiff's motion to compel [Dkt. 56] is **DENIED**.

## II.  Motion for Attorney's Fees

On June 24, 2022, the Court entered an Order granting Defendants' motion to compel after Plaintiffs wholly failed to respond to Defendants' discovery requests.  [Dkt. 36.]  In that Order, the Court instructed Defendants that they could file a motion for fees pursuant to Federal Rule of Civil Procedure 37(a)(5) within twenty-one days.  In their Motion in Support of an

---

[1] The Court notes that Defendants have moved to strike this purported amended complaint.  [Dkt. 24.]  That motion remains pending before Judge Sweeney.


Award of Attorney's Fees, [Dkt. 45], which was timely filed on July 15, 2022, Defendants seek fees in the amount of $412.50 relating to the filing of the motion to compel.[2]

Federal Rule of Civil Procedure 37(a)(5)(A) provides that

> [i]f [a] motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
>> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>> **(iii)** other circumstances make an award of expenses unjust.

If the Court determines that an award of fees is appropriate, it must then determine the amount of the award by applying the "lodestar" method, which requires the Court to multiply a reasonable hourly rate by the number of hours reasonably expended by the successful party in litigating the motion.  *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016) ("Our case law provides that the 'starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'") (quoting *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317-18 (7th Cir. 2003)).

---

[2] Plaintiff Alice Flowers has filed an objection to the motion for fees, [Dkt. 52], in which she argues that Defendants did not act in good faith because they scheduled Plaintiffs' depositions without consulting Plaintiffs.  [Dkt. 52].  However, the instant motion for fees is not related to the depositions, but rather to Defendants' written discovery requests.  Plaintiff also notes that she complied with the deadline set by the Court in its Order granting the motion to compel, but that does not excuse the fact that Plaintiffs wholly failed to respond to the discovery requests prior to the granting of the motion to compel.

Here, Defendants' counsel spent 2.5 hours on the motion to compel and billed at an hourly rate of $165.00.  [Dkt. 45-1.]  The Court finds both the hours expended and the hourly rate to be reasonable.  Accordingly, the motion for an award of fees in the amount of $412.50 is **GRANTED**.  Plaintiff Alice Flowers and former Plaintiff Jacob Flowers are jointly and severally liable for this fee award.

SO ORDERED.

Dated:  8 FEB 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Alice Marie Flowers
Postal Box 2322
Anderson, IN 46018