UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALICE MARIE FLOWERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01812-JRS-MJD |
| ) | |
| BRIAN BELL, SCOTT MELLINGER, ) | |
| DEREK SAYLOR, JUAN GALAN, JUSTIN ) | |
| WEBER, PATRICK HOSIER, OLIVIA ) | |
| PRATT, JOHN DOES, and JANE DOES, ) | |
| ) | |
| Defendants. ) | |

**Order on Defendants' Partial Motion to Dismiss**

*Pro se* Plaintiff Alice Flowers alleges that Defendants Brian Bell, Scott Mellinger, Derek Saylor, Juan Galan, Justin Weber, Patrick Hosier, Olivia Pratt, and John/Jane Does violated her constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986 as well as 18 U.S.C. §§ 241, 242, 2071, and 2382.  (Compl. 4, ECF No. 1.)  Before the Court is Defendants' Partial Motion to Dismiss Plaintiff's claims against Brian Bell, in his official capacity, and against Scott Mellinger, Derek Saylor, Juan Galan, Justin Weber, Patrick Hosier, and John/Jane Does in their official and individual capacities.  (ECF No. 11.)  Plaintiff has not responded to this motion.

For the following reasons, the Court **grants** Defendants' Partial Motion to Dismiss.

**A. Background**

The Court draws the following facts from Plaintiff's Complaint, which was completed on a *pro se* Civil Rights Complaint Form. (ECF No. 1.) The factual allegations in the Complaint are sparse.

On February 24, 2021, Plaintiff Alice Flowers "made complaints" against Brian Bell and Derek Saylor. (Compl. 9, ECF No. 1.) On February 25, 2021, in Anderson, Indiana, Defendants Bell, Saylor, Hosier, Weber, and Galan pursued Plaintiff and her son, Jacob Flowers, by "placing a sheriff deputy in two locations owned by [Plaintiff]." (*Id.*) One sheriff unit was located at 515 East 8th Street. (*Id.*) The second sheriff unit sat at the corner on Beech Street. (*Id.*) The Beech Street unit followed Plaintiff for 3.2 miles. (*Id.*) Plaintiff then entered a Wendy's drive thru while the sheriff unit waited nearby in front of Oak Motors. (*Id.*) An unnamed deputy then turned on his or her emergency lights at the intersection of Broadway and Willow. (*Id.*) At this point, other units also arrived behind Plaintiff. (*Id.*) Brian Bell pulled his sheriff car in front of Plaintiff and blocked her car from moving. (*Id.*) Bell stated he had a warrant for Plaintiff's phone. (*Id.*) Plaintiff did not consent to a search of her phone. (*Id.*) Nonetheless, Bell forcibly grabbed Plaintiff's phone from her hand and then gave her an unsigned judicial warrant related to the search. (*Id.*)

Plaintiff and her son filed their complaint on June 17, 2021, in this Court. (*Id.* at 1.) The Court dismissed Jacob Flowers from the case. (Order Granting Pl.'s Mot. to Remove Jacob Flowers, ECF No. 59.)

### B. Legal Standard for Motion to Dismiss

To survive a motion to dismiss, a complaint must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to include "detailed factual allegations," but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss for failure to state a claim, courts "take all of the factual allegations in the complaint as true," *id.*, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). But courts need not accept the truth of mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. *Pro se* complaints, however, are construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

## C. Discussion

Plaintiff's complaint seeks relief based on several claims. These claims include: (1) 18 U.S.C. §§ 241, 242, 2071, and 2382 and (2) 42 U.S.C. §§ 1983, 1985, and 1986. The Court will address these claims in turn.

### 1. Plaintiff's Claims under Title 18

As an initial matter, Plaintiff's claims based on Title 18 are impermissible. It is well settled that there is no private right of action in the Title 18 criminal provisions under which Plaintiff seeks relief. *See, e.g., Ragsdale v. Turnock*, 941 F.2d 501, 509

(7th Cir. 1991) (noting that in general, our legal system provides no right for private persons to enforce criminal statutes); *McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555, 555 (7th Cir. 2015) ("[F]ederal criminal statutes . . . do not provide a private right of action.").

Accordingly, all of Plaintiff's claims arising under Title 18 (i.e., 18 U.S.C. §§ 241, 242, 2071, and 2382) are **dismissed with prejudice**.

### 2. Plaintiff's Civil Rights Claims under § 1983

"To state a claim under § 1983 a plaintiff must allege two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). A § 1983 claim can be brought against a defendant in his or her individual capacity or in an official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Plaintiff has filed her claims against all Defendants in both capacities, (Compl. 5–8, ECF No. 1.) Accordingly, distinguishing between these types of claims is appropriate.

i. Plaintiff's official-capacity claims against all Defendants

Defendants first ask the Court to dismiss all claims made against all Defendants in their official capacities. (Defs.' Br. Supp. Mot. Dismiss 4, ECF No. 12.) Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity

4

to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). In other words, the suit is not against the official personally because the real party in interest is the entity itself. *Id.* On the merits, a higher showing is required to allege an official-capacity § 1983 violation as compared to a individual-capacity claim. *Id.* A government entity is liable under § 1983 "only when the entity itself is a 'moving force' behind the deprivation." *Id.* (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Ultimately, in an official-capacity suit, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* (quoting *Monell*, 436 U.S. at 694). The Seventh Circuit has stated that "policy" or "custom" can take one of three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

*Garrison v. Burke*, 165 F.3d 565, 571–72 (7th Cir. 1999) (quoting *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 734–35 (7th Cir. 1994)).

In this case, Plaintiff has alleged § 1983 violations against all Defendants in their official capacities. (Compl. 5–8, ECF No. 1.) Thus, as discussed above, these allegations are to be treated as a suit against the government entity of Madison County. (*Id.* at 5.) To sufficiently plead her official-capacity claims against Madison County, Plaintiff must allege facts showing that the government's "policy" or "custom" was a moving force behind the deprivation of her constitutional rights. Here, the

5

Complaint fails to mention *any* facts whatsoever that meet this requirement. Plaintiff does not allege (1) that there is an "express policy" that caused her constitutional deprivation; (2) that there is a permanent widespread practice (for instance, of serving unsigned warrants) constituting a "custom or usage" with the force of law; or (3) that the constitutional injury was caused by someone with "final policymaking authority." While this is a *pro se* complaint, for Plaintiff to sufficiently plead official-capacity claims against Defendants, she must still make at least *some* allegations related to a government entity's policy or custom that caused the deprivation of her rights. She has not done so.

Accordingly, all claims against all Defendants in their *official* capacities are **dismissed without prejudice**.

    ii.    Plaintiff's individual-capacity claims against Sheriff Mellinger

Defendants next ask the Court to dismiss Plaintiff's claims against Sheriff Mellinger in his individual capacity. (Defs.' Br. Supp. Mot. Dismiss 8, ECF No. 12.) Individual-capacity suits impose personal liability on a government official for actions he takes under the color of state law. *Graham*, 473 U.S. at 165. "On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166 (emphasis in the original); *see also Whitford v. Boglino*, 63 F.3d 527, 530–31 (7th Cir. 1995) ("[T]o state a claim under § 1983 . . . [a plaintiff] must allege that [the defendants] were personally involved in the deprivation of his due process rights."). "Personal involvement" requires an official to act or fail to act "with a deliberate or

reckless disregard of plaintiff's constitutional rights." *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994). The official does not need to *directly participate* in the alleged constitutional violation; however, "'[a]n official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.'" *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985)).

Construing the facts of the Complaint as liberally as possible in favor of Plaintiff, the Court is still unable to find any allegations of "personal involvement" by Mellinger. Mellinger is not mentioned once in Plaintiff's description of the events as a direct participant in the relevant act. (*See* Compl. 9, ECF No. 1.) Additionally, there are no allegations that Mellinger knew of his officers' conduct, consented to the conduct, directed the conduct to occur, or in any other way assented to the conduct as a supervisor. (*Id.*)

Accordingly, all claims by Plaintiff against Mellinger in his individual capacity are **dismissed without prejudice**.

    iii.    Plaintiff's individual-capacity claims against Saylor, Hosier, Weber, and Galan

Defendants next seek dismissal of all individual-capacity claims alleged against Defendants Saylor, Hosier, Weber, and Galan. (Defs.' Br. Supp. Mot. Dismiss 9, ECF No. 12.) The heart of Plaintiff's § 1983 claim is based on an unlawful search and seizure conducted in violation of the Fourth Amendment. (Compl. 9, ECF No. 1.)

7

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV. A seizure occurs when, in light of all the surrounding circumstances, "a reasonable person would have believed that he was not free to leave." *Brendlin v. California*, 551 U.S. 249, 255 (2007) (cleaned up). Further, a seizure is reasonable "only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013). "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed," *United States v. Jacobsen*, 466 U.S. 109, 113 (1984), or when the government physically intrudes on a constitutionally protected area in order to obtain information, *Florida v. Jardines*, 569 U.S. 1, 5 (2013). Specifically relevant here, police officers must generally obtain a warrant before searching the contents of a phone. *Riley v. California*, 573 U.S. 373, 403 (2014). For a warrant to be valid, it must be issued by a "neutral and detached magistrate." *Shadwick v. City of Tampa*, 407 U.S. 345, 349–50 (1972).

As discussed in the previous section, a defendant must also be "personally involved" in the alleged unlawful act to be liable under § 1983. *Whitford*, 63 F.3d at 530–31. Again, "personal involvement" requires "an overt act, or a failure to act 'with a deliberate or reckless disregard of plaintiff's constitutional rights,'" *McMurry*, 927 F. Supp. at 1087 (quoting *Black*, 22 F.3d at 1401), and "'[a]n official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent,'" *Gentry*, 65 F.3d at 561 (quoting *Smith*, 761 F.2d at 369).

8

Plaintiff has alleged facts that would suggest a violation of her Fourth Amendment rights. Taking the allegations as true, Plaintiff was "seized" when Bell, a Madison County Police Officer, pulled his sheriff car in front of Plaintiff and blocked her vehicle. (Compl. 9, ECF No. 1.) Additionally, Bell conducted an unreasonable search and seizure of Plaintiff's phone by confiscating it while relying on a facially invalid warrant unsigned by a neutral and detached magistrate. (*Id.*) However, Defendants are not contesting these individual-capacity claims as they relate to Bell. Rather, Defendants are contesting the claims against Saylor, Hosier, Weber, and Galan (the other officers implicitly present at or near the location of the event). As to these officers, Plaintiff makes only one claim: that they "pursued" Plaintiff by placing deputies at multiple locations owned by Plaintiff and subsequently by following her for 3.2 miles to a Wendy's drive thru. (*Id.*) However, Plaintiff has not alleged any facts suggesting that Saylor, Hosier, Weber, or Galan were "personally involved" in the unlawful acts at issue. In other words, Plaintiff has made no allegations that these particular officers helped block (i.e., seize) Plaintiff's car, nor do any facts suggest that these officers had knowledge of or directed a search and seizure of Plaintiff's phone without a signed warrant.

As an aside, the Court notes that officers present at the scene who do not directly engage in the alleged unlawful conduct may still be liable under § 1983 through a "failure to intervene" theory; however, this typically only arises in cases of excessive force. *See, e.g.*, *Miller v. Gonzales*, 761 F.3d 822, 826 (7th Cir. 2014) ("A police officer can be liable for another officer's excessive force only if that officer had a realistic

9

opportunity to intervene and stop the first officer's actions."). No such facts have been alleged here.

Accordingly, Plaintiff's § 1983 claims against Saylor, Hosier, Weber, and Galan in their individual capacities are **dismissed without prejudice**.

Plaintiff also made claims against Saylor, Hosier, Weber, and Galan for "intimidation" and "press ganging." (Compl. 4, ECF No. 1.) These claims can be quickly dismissed. As Defendants note, there is no federal cause of action for either "intimidation" or "press ganging." (Defs.' Br. Supp. Mot. Dismiss 12–13, ECF No. 12.) The Court found only two references to "press-ganging" in prior Seventh Circuit jurisprudence, both of which related to the forcing of individuals into military service. *See, e.g.*, *Walker v. Rowe*, 791 F.2d 507, 511 (7th Cir. 1986). And while intimidation is referenced in 42 U.S.C. § 1985, Plaintiff fails to state a claim under this provision as well for reasons that will be discussed in the next section.

Accordingly, all claims of "press ganging" and "intimidation" are **dismissed with prejudice**.

3. Plaintiff's Civil Rights Claims under § 1985 and § 1986

Plaintiff broadly alleges § 1985 conspiracy claims against Bell, Mellinger, Saylor, Hosier, and Weber. (Compl. 4, ECF No. 1.) She further alleges a § 1986 "neglect to prevent" claim against Mellinger. (*Id.*) A finding of a § 1985 conspiracy is a prerequisite to a finding of liability under § 1986. 42 U.S.C. § 1986; *see Williams v. St. Joseph Hosp.*, 629 F.2d 448, 452 (7th Cir. 1980). Thus, the Court first addresses whether any § 1985 claims have been sufficiently pleaded.

Four elements comprise a civil conspiracy under § 1985: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Grimes v. Smith*, 776 F.2d 1359, 1363 (7th Cir. 1985) (citation omitted). When pleading a § 1985 claim, a plaintiff must allege an agreement or plan, which is a critical element for a conspiracy action. *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985) ("[I]n a section 1985(3) action, the complaint must simply plead sufficient facts from which a conspiracy can be inferred; the facts detailing the conspiratorial agreement can be pleaded generally, while those facts documenting the overt acts must be pleaded specifically.").

Here, Plaintiff's Complaint must fail for two reasons. First, Plaintiff has not responded to any of Defendants' arguments for dismissal. "Failure to respond to an argument . . . results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Second, while the Court might be able to infer there was *some* agreement between Bell, Mellinger, Saylor, Hosier, and Weber (e.g., to be stationed near Plaintiff's properties), the Complaint is devoid of any facts indicating an agreement by these parties to deprive Plaintiff of her constitutional rights. Namely, apart from Bell, there are no allegations that any officers knew of the deficient warrant or of any other circumstances that would indicate a conspiracy to deprive Plaintiff of her rights. Accordingly, all § 1985 claims are **dismissed without prejudice**. Because Plaintiff

11

has failed sufficiently to plead a conspiracy to deprive her of any of her civil rights, her § 1986 claims must also fail. 42 U.S.C. § 1986. The Court thus does not need to further address any claims under § 1986, which are likewise **dismissed without prejudice**.

### 4. Plaintiff's Claims Against Olivia Pratt

While Defendants' Brief in Support of the Partial Motion to Dismiss, (ECF No. 12), does not address Defendant Olivia Pratt, the Court chooses to do so for efficiency purposes. Plaintiff listed one "Olivia Pratt" in her Defendant List. (Compl. 2, ECF No. 1.) However, Plaintiff did not mention Pratt anywhere else in her Complaint nor allege any claims against her. Therefore, all claims against Olivia Pratt are **dismissed without prejudice**.

### 5. Plaintiff's Claims Against John/Jane Does

Plaintiff also listed as Defendants any "John/Jane Does as revealed in discovery." (Compl. 8, ECF No. 1.) Anonymous parties, such as "John Doe," are not proper parties to a lawsuit in federal court. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("We note in passing that it is pointless to include lists of anonymous defendants in federal court.").

Accordingly, all claims against John/Jane Does are **dismissed with prejudice**. If additional specific defendants are revealed through discovery, Plaintiff may seek leave to file an amended complaint adding those named defendants.

## D. Conclusion

Defendants' Partial Motion to Dismiss, (ECF No. 11), is hereby **granted**. All of Plaintiff's claims arising under Title 18 (i.e., 18 U.S.C. §§ 241, 242, 2071, and 2382) are **dismissed with prejudice**. All § 1983 claims against all Defendants in their *official* capacities are **dismissed without prejudice**. All § 1983 claims against Defendants Mellinger, Saylor, Hosier, Weber, and Galan in their *individual* capacities are **dismissed without prejudice**. All § 1985 and § 1986 claims are **dismissed without prejudice**. All claims of "press ganging" and "intimidation" are **dismissed with prejudice**. All claims against Olivia Pratt are **dismissed without prejudice**. And all claims against John/Jane Does are **dismissed with prejudice**. The only claim that remains in this case is a § 1983 claim against Bell in his *individual* capacity. The Clerk shall **terminate** Defendants Scott Mellinger, Derek Saylor, Juan Galan, Justin Weber, Patrick Hosier, Olivia Pratt, and John/Jane Does as Defendants and remove their names from the caption.

　**SO ORDERED**.

Date: 09/27/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered counsel of record via CM/ECF.