UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALICE MARIE FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01812-JRS-MJD |
| | ) | |
| BRIAN BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Various Matters**

Plaintiff filed a Motion for Contempt, (ECF No. 37), against a former defendant, Scott Mellinger. Plaintiff also filed a Motion for Injunction Against Harassment, Intimidation, and Retaliation, (ECF No. 41), and a subsequent Corrected Motion for Injunction Against Harassment, Intimidation, and Retaliation, (ECF No. 42), that is substantively identical to the original. The Court treats the "Corrected" Motion as the operative Motion for Injunction; the original Motion for Injunction, (ECF No. 41), is thus **denied as moot.** The Court addresses the Motion for Contempt and the Corrected Motion for Injunction in turn.

**A. Background**

Plaintiff originally brought charges against multiple defendants under various legal theories. (*See* ECF No. 1.) The Court dismissed all defendants except Brian Bell; the only remaining claim is a § 1983 claim against Bell in his individual capacity. (ECF No. 64.)

To briefly summarize, the allegations underlying this matter stem from an alleged unlawful search and seizure committed by Defendant against Plaintiff. (ECF No. 1

at 9.) Plaintiff alleges that Defendant, a police officer with the Madison County Sheriff's Department, followed Plaintiff to a Wendy's drive-thru, pulled her over, stated he had a warrant for her phone, confiscated her phone, and ultimately provided her with an unsigned warrant in support of the seizure. (*Id.*)

Plaintiff is proceeding in this case *pro se* and has filed numerous motions, including the present motions, throughout the discovery process. "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### B. Motion for Contempt

Plaintiff first asks the Court to issue a finding of contempt against a former defendant[1], Sheriff Scott Mellinger. The Court **denies** the Motion for the following reasons.

"To hold a party in contempt, the court must be able to point to a[n] [order] from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Feltner v. Title Search Co.*, 283 F.3d 838, 842 (7th. Cir. 2002) (cleaned up). To sustain her contempt claim, Plaintiff "has the burden of proving all of the following elements by clear and convincing evidence: (1) the [o]rder sets forth an unambiguous command; (2) [Mellinger] violated that command; (3) [Mellinger's] violation was significant, meaning [he] did not substantially comply with the Order; and (4) [Mellinger] failed to take steps to reasonably and diligently comply with the

---

[1] The fact that Mellinger is no longer a party to this case has no bearing on this Motion. "[A] court may find a nonparty in contempt if that person has actual knowledge of the court order and either abets the [party named in the court order] or is legally identified with him." *S.E.C. v. Homa*, 514 F.3d 661, 674 (7th. Cir. 2008) (cleaned up).

2

Order." *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008) (citation omitted).

Here, Plaintiff's Motion for Contempt is directed to false statements allegedly made by Mellinger in in his Declaration. (ECF No. 37 at 1 (citing ECF No. 33-1).) There, Mellinger stated that the Sheriff's Department of Madison County "employs . . . Patrick Hosier," (ECF No. 33-1 at 1), when in fact, at the time Mellinger made his declaration, Hosier no longer worked for the Sheriff's Department, (ECF No. 37 at 3). In his Response, Mellinger admits that this was an error and that his declaration should actually be amended to begin with the following clause: "At all times relevant to the allegations giving rise to this case." (ECF No. 48 at 2.) This does not satisfy Plaintiff.

Plaintiff still urges the Court to hold Mellinger in contempt for his false declaration, but she has made no effort (nor can she) to satisfy any of the four elements required for a finding of contempt. First, the Court did not issue any orders to Mellinger; his declaration was filed in support of Defendant's Motion for Extension of Time. (*See* ECF No. 33.) Second, there being no Court order, Mellinger did not and could not "violate a command" of the Court. Third, even if this "false statement" was related to a Court order, the violation was not significant. It has no bearing on any of Plaintiff's claims. Fourth, Mellinger diligently sought to amend the error as soon as he was put on notice of it via Plaintiff's Motion for Contempt. (*See* ECF No. 48 at 2.)

For any one of these reasons, Plaintiff's Motion for Contempt, (ECF No. 37), is **denied**.

### C. Motion for Injunctive Relief

Plaintiff also filed a "Corrected Injunction Against Harassment, Intimidation, and Retaliation," (ECF No. 42), which the Court interprets as a motion for a preliminary injunction.

This one-paragraph Motion generally alleges that Defendant is "following and/or stalking" Plaintiff and that Defendant's acts are "meant to intimidate, harass, and retaliate" against her. (ECF No. 42 at 1.) Plaintiff additionally states that "no contact should be occurring between the [Defendant] and [Plaintiff]" outside the presence of counsel. (*Id.*) Defendant denies these allegations. (ECF No. 44 at 2.)

"To obtain a preliminary injunction, the plaintiffs must show that (1) they will suffer irreparable harm in the period before final resolution of their claims; (2) traditional legal remedies are inadequate; and (3) the claim has some likelihood of success on the merits. . . . If the plaintiffs make this showing, we then will weigh the factors against one another, assessing whether the balance of harms favors them or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied." *Jones v. Markiewicz-Qualkinbush*, 842 F.3d 1053, 1058 (7th Cir. 2016) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

Plaintiff has not made any showing that would entitle her to a preliminary injunction.

First, Plaintiff's Motion is a barebones allegation of "intimidation and retaliation." She references only one set of facts in support, describing Defendant's "retaliation" when he unlawfully executed an invalid warrant and confiscated her phone. (ECF No. 42 at 1.) But this set of facts is the basis of her entire claim in this case. This is not an "irreparable harm" that will continuously last during the period before the final resolution of her claim; rather, the alleged harm has already been suffered and litigation is proceeding accordingly to determine a just resolution. Plaintiff has not described with any specificity the "irreparable harm" she would suffer if a preliminary injunction were not granted, and her assertions of intimidation and harassment are completely conclusory; this is insufficient for the first prong. *See Baird v. Hodge*, 605 F. App'x 568, 569–70 (7th Cir. 2015) (affirming denial of preliminary injunction because the plaintiff's contention of irreparable harm was too "speculative").

Second, traditional legal remedies are adequate here. If Plaintiff succeeds on the merits, she may be entitled to damages to compensate her for her alleged harm resulting from Defendant's unlawful search and seizure. Plaintiff has made no attempt to show why such a remedy would be inadequate. *See Campbell v. Miller*, 373 F.3d 834, 835 (7th Cir. 2004) ("Damages are a normal, and adequate, response to an improper search or seizure.").

5

Third, Plaintiff's claim is still pending and is now awaiting a judgment from this Court on cross-motions for summary judgment. (*See* ECF Nos. 65 & 72.) But in this present Motion, Plaintiff has done nothing to meet her burden of showing a likelihood of success on the merits (which, here, would be a likelihood of success on her § 1983 claim of an unlawful search and seizure). This is not enough for the third prong.

Additionally, to the extent Plaintiff has suffered separate "acts of retaliation or intimidation" at the hands of Defendant in violation of her constitutional rights, she should bring those claims in a distinct lawsuit[2]; the Court cannot address those issues in this case which is based on a singular event giving rise to an alleged unlawful search and seizure. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) (discussing the purpose of a preliminary injunction which is "merely to preserve the relative positions of the parties until a trial on the merits can be held"); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally.").

For the aforementioned reasons, Plaintiff's Corrected Motion for Injunction Against Harassment, Intimidation, and Retaliation, (ECF No. 42), is **denied**.

### D. Conclusion

Plaintiff's Motion for Contempt, (ECF No. 37), is **denied.** Plaintiff's Motion for Injunction Against Harassment, Intimidation, and Retaliation, (ECF No. 41), is

---

[2] And to the extent Plaintiff is alleging intimidation in this lawsuit via threats or "stalking," (*see* ECF No. 42 at 1), those charges are enforceable under criminal law, not redressable by this Court in a preliminary injunction, *see, e.g.*, 18 U.S.C. § 1512(b).

6

**denied as moot;** and Plaintiff's Corrected Motion for Injunction Against Harassment, Intimidation, and Retaliation, (ECF No. 42), is **denied**.

    **SO ORDERED**.

Date: 02/10/2023

                                        JAMES R. SWEENEY II, JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distribution to registered counsel of record via CM/ECF.