UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALICE MARIE FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01812-JRS-MJD |
| | ) | |
| BRIAN BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Cross Motions for Summary Judgment and Other Motions**

**I.   Introduction**

This is a Fourth Amendment search and seizure case.  Brian Bell, an officer with the Madison County Sheriff's Department, took Alice Flowers' phone during a traffic stop.  Bell thought he had a valid warrant to take the phone, which was believed to have video evidence of crimes committed by Flowers' son during an encounter with the police, but in fact Bell's warrant was unsigned.  Flowers, proceeding *pro se*, has one surviving claim: that the warrantless seizure of her phone violated her Fourth Amendment rights.

Now before the Court are Flowers' Motion for Summary Judgment, (ECF No. 65), and Bell's Cross-Motion for Summary Judgment, (ECF No. 72).

Also pending are Flowers' Motion to Strike Affidavit of Brian Bell, (ECF No. 77), duplicate Motions to Strike Probable Cause of Patrick Hosier, (ECF No. 80, 81), Motion to Strike All Third Party Interloper Documents, (ECF No. 85), Motion for Trial by Jury, (ECF No. 88), and Motion for Third Party Interloper to Show Cause, (ECF No. 92).

## II. Legal Standard

The legal standard on summary judgment is well established:

> Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba* [*v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)] (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 [] (1986)). A theory "too divorced from the factual record" does not create a genuine issue of material fact. *Id.* at 721. "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020).

*Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021). The Court applies that standard here.

## III. Discussion

Although the docket here is cluttered by eccentric motions[1] and quixotic discovery disputes, the case is ready for resolution on summary judgment. The essential facts are undisputed: Flowers' video of the incident, (ECF No. 82), her unsworn allegations, (ECF No. 65), and her attached documentary exhibits, (ECF No. 65-1), all cohere and all agree with Bell's testimony,[2] (ECF No. 73-1), and the well-supported summary of events presented in Bell's motion, (Def.'s Br. Supp. 7–9, ECF No. 75). The Court will thus disregard the various procedural lapses and violations of its local rules that have

---

[1] The Court reminds Flowers that litigation is not a *mano a mano* contest between the plaintiff and defendant; the assistance of legal counsel is perfectly permissible.

[2] Flowers challenges the evidentiary sufficiency of Bell's affidavit, (ECF No. 80), but it meets the requirements of 28 U.S.C. § 1746. In any case, because the parties agree on the facts, it does not matter here whether the Court relies on Flowers' or Bell's evidence; the Court could accept Flowers' allegations and documents as true and resolve the case as though it were a Rule 12(c) judgment on the pleadings.

piled up in this case and will proceed to the heart of the matter. The only question is whether Flowers' Fourth Amendment rights were violated when Bell took her phone at a traffic stop.

On February 25, 2021, Flowers was driving in Anderson, Indiana, when she was stopped for having her license plates obscured. Flowers was using her phone as a dashcam. As the phone video shows, Flowers waited in her vehicle; a few minutes later, Bell arrived, presented the (invalid) warrant, and took the phone from Flowers. (ECF No. 82.) The next day, Bell learned the warrant was invalid and, instead of seeking to remedy the defective warrant, sought to return the phone. (ECF No. 73-1.) Flowers' phone was returned to her, unsearched, four days later. (*Id.*)

There are no constitutional violations here.

Because driving with obscured plates is a violation of Indiana law, Ind. Code § 9-18.1-4-4(b), the initial traffic stop was legal regardless of the underlying motivations of the officers, *Whren v. United States*, 517 U.S. 806, 813 (1996).

The seizure of the phone was legal because of the plain view doctrine: an officer may seize property without a warrant if: "(1) the officer is lawfully present at the place of the seizure, (2) the seized object is in the plain view of the officer, and (3) the incriminating nature of the object is immediately apparent." *United States v. McGill*, 8 F.4th 617, 622 (7th Cir. 2021) (citing *United States v. Raney*, 342 F.3d 551, 558–59 (7th Cir. 2003) (setting out elements of doctrine). An object is "incriminating" if the officer has "probable cause to believe that the item is contraband or otherwise linked to criminal activity." *Id.* (quoting *United States v. Cellitti*, 387 F.3d 618, 624 (7th Cir.

3

2004)). An object that is "mere evidence," *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 310 (1967), or "useful as evidence of a crime," *Texas v. Brown*, 460 U.S. 730, 742 (1983), is sufficiently linked to criminal activity and may be subject to seizure. Here, Bell was on a public street responding to a lawful traffic stop; the phone was in plain view (indeed, being held up in front of him to record him); and it was immediately apparent to Bell that the phone was "incriminating"—it was the same phone he swore was likely to contain video evidence of crimes committed by Flowers' son. Bell needed nothing more to take the phone.

Finally, the police were allowed to keep the phone for a few days. When police make a warrantless seizure of property, they are allowed a reasonable period to take further steps: usually, to obtain a search warrant for the property. *United States v. Burgard*, 675 F.3d 1029, 1035 (7th Cir. 2012) (finding six-day delay in obtaining search warrant for seized cell phone not unreasonable). Here, after Bell learned of his mistake with the seizure warrant, he did not try to get a search warrant for the phone; instead, he tried to return the phone to Flowers. His efforts were prompt and apparently diligent: Flowers would have had the phone the next day had she been found; as it happened, her phone was returned to her a few days later. This was no "unreasonable" delay. *See id.* (citing *United States v. Place*, 462 U.S. 696, 709 (1983)) (giving great weight to police diligence in evaluating unreasonable delay).

Because Bell's actions were constitutional even without a warrant, the Court need not address his arguments regarding good-faith mistake and qualified immunity. Bell is entitled to summary judgment on the undisputed facts.

### IV. Conclusion

Bell's Cross-Motion for Summary Judgment, (ECF No. 72), is **granted.** Flowers' Motion for Summary Judgment, (ECF No. 65), is **denied.**

Because the grant of summary judgment resolves the case, all other motions—Flowers' Motion to Strike Affidavit of Brian Bell, (ECF No. 77), duplicate Motions to Strike Probable Cause of Patrick Hosier, (ECF No. 80, 81), Motion to Strike All Third Party Interloper Documents, (ECF No. 85), Motion for Trial by Jury, (ECF No. 88), and Motion for Third Party Interloper to Show Cause, (ECF No. 92)—are **denied as moot.**

Final judgment shall issue separately.

**SO ORDERED.**

Date: 03/08/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALICE MARIE FLOWERS
Postal Box 2322
Anderson, IN 46018

James Alex Emerson
COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com